### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : |
| **KIMBERLY A. RADINICK,** | : |
| Debtor. | : **Bankruptcy No. 08-26139-MBM** |
| | : |
| **Carlota M. Bohm, Trustee for the Bankruptcy Estate of Kimberly A. Radinick,** | : |
| Movant, | : **Chapter 7** |
| | : |
| v. | : |
| | : **Related to Doc. No. 32** |
| **Kimberly A. Radinick**, | : |
| Respondent. | : |

Appearances:   Carlota M. Bohm, for Carlota M. Bohm, the Trustee.
Mary Bower Sheats, for Kimberly A. Radinick.

### **MEMORANDUM OPINION**

Carlota Bohm, the Chapter 7 Trustee for the bankruptcy estate of Kimberly Radinick, the instant debtor (hereafter "the Trustee"), has filed an "Objection of Trustee to Debtor's Exemptions and Amended Exemptions and Motion to Clarify Exemption" (Doc. No. 32) so as to object to several exemptions that have been taken by Ms. Radinick (hereafter "the Debtor"). The instant Memorandum Opinion only deals with the Debtor's exemption of her marital interest in her estranged spouse's individual retirement account; the accompanying Order of Court deals with all of the Trustee's exemption objections, including the Trustee's objection to the aforesaid individual retirement account marital interest. For the reasons that are set forth below, and subsequent to hearings on the matter that were held on June 9, 2009, and August 11, 2009, the Court shall (a) rule that the

Debtor's marital interest in her estranged spouse's individual retirement account, as well as anything that might be derived therefrom, constitutes property of the Debtor's bankruptcy estate, and (b) defer ruling on the Trustee's objection to the Debtor's exemption of such marital interest, as well as the Trustee's other exemption objections, until a final decision regarding equitable distribution is rendered in the Debtor's presently-pending divorce action.

## **STATEMENT OF FACTS**

The Debtor filed for divorce and requested equitable distribution of marital assets owned by herself and her estranged spouse on November 28, 2006. The Debtor commenced the instant bankruptcy case on September 16, 2008. The state court wherein the divorce action was commenced has not yet either granted a divorce nor resolved the Debtor's request for equitable distribution – in other words, the issues of divorce and equitable distribution remain pending as of the present time.

Marital assets of the Debtor and her estranged spouse include the Debtor's estranged spouse's 401(k) plan rollover from his former employment with Westfalia Surge, which fund now appears to be invested in an individual retirement account with Edward D. Jones & Co. that the Court shall presume is exempt from taxation under section 408 of the Internal Revenue Code (hereafter "the Estranged Spouse's Retirement Plan"). The Trustee and the Debtor have stipulated that the entire value of the Estranged Spouse's Retirement Plan is approximately $130,000, although the Court is uncertain as of what date such value is attributed to such retirement plan. The Estranged Spouse's Retirement

Plan is presently owned solely by the Debtor's estranged spouse, notwithstanding that such retirement plan constitutes a marital asset.

## DISCUSSION

**I. Whether the Debtor's marital right to the Estranged Spouse's Retirement Plan constitutes property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1), and whether anything derived from such marital right also constitutes bankruptcy estate property?**

The Debtor and the Trustee have stipulated that the sole issue that remains for resolution by this Court regarding the Debtor's marital (i.e., equitable distribution) right to the Estranged Spouse's Retirement Plan is whether such right may be exempted by the Debtor. One can infer from such stipulation that the Debtor thus agrees that such marital right constitutes property of her bankruptcy estate. Such an inference, that is that the Debtor agrees that such marital right constitutes property of her bankruptcy estate, is also consistent with the fact that the Debtor has listed such marital right as her property in her Bankruptcy Schedule B, and that the Debtor has taken an exemption in such marital right in her Bankruptcy Schedule C – of course, a debtor need, in fact can, only exempt property that first constitutes bankruptcy estate property. However, the Debtor now argues for the first time that her marital right to the Estranged Spouse's Retirement Plan does not constitute property of her bankruptcy estate.

The Debtor argues as she does because (a) she contends, as a matter of law, that, if a debtor is still married when such debtor's bankruptcy petition is

3

filed, then such debtor's marital (i.e., equitable distribution) interest in such debtor's estranged spouse's separately-titled property will only become bankruptcy estate property if a divorce or property settlement occurs within 180 days of the bankruptcy petition filing date, (b) she was married when she commenced her bankruptcy case, and (c) a period of much more than 180 days has passed since she commenced her bankruptcy case and, as of the present time, she has not become divorced. For the foregoing statement of law, the Debtor relies entirely on the decisions in Kane v. Kane, 2009 WL 3208653 (D.N.J. 2009),[1] and In re Frederes, 141 B.R. 289 (Bankr.W.D.N.Y. 1992).

In both Kane and Frederes it was determined that (a) the debtors therein, both of whom were married at the commencement of their respective bankruptcy cases, did not own marital interests in property (i.e., equitable distribution rights) as of such case commencements precisely because they were still married, (b) such marital interests, since they did not even exist as of such case commencements, thus could not constitute bankruptcy estate property under 11 U.S.C. § 541(a)(1),[2] and (c) such marital interests could only constitute

---

[1]The Debtor also cites to four cases that were, in turn, cited in the Kane decision, *see* Kane, 2009 WL 3208653 at 4, which four cases, this Court concludes, add nothing to the Debtor's position.

[2]11 U.S.C. § 541(a)(1) provides, in pertinent part, that "[t]he commencement of a [bankruptcy] case ... creates an estate[, which] ... is comprised of[, among other things,] ... (1) ... all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C.A. § 541(a)(1) (West 2009).

4

bankruptcy estate property under 11 U.S.C. § 541(a)(5)(B)[3] in the event that divorces or property settlements occurred within 180 days of such case commencements. *See* Kane, 2009 WL 3208653 at 3-4; Frederes, 141 B.R. at 291-292. Unfortunately for the Debtor, state law determines the nature of property rights when considering whether something constitutes bankruptcy estate property under § 541(a), *see* Frederes, 141 B.R. at 291 (citing Butner v. United States, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979)), and in both Kane and Frederes the courts therein held that, pursuant to New Jersey and New York law respectively, a marital interest in property (i.e., a right to equitable distribution) only arises, that is vests, upon the entry of a judgment of divorce. *See* Kane, 2009 WL 3208653 at 3; Frederes, 141 B.R. at 291. Because bankruptcy debtors who file for divorce in either New Jersey or New York thus obtain marital interests in property only upon becoming divorced, the Kane and Frederes courts were constrained to rule as they did.

However, in contrast to the law in New Jersey and in New York, in

---

[3]11 U.S.C. § 541(a)(5)(B) provides, in pertinent part, that:

> The commencement of a [bankruptcy] case ... creates an estate[, which] ... is comprised of[, among other things,]
> ...
> (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date —
> ...
> (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree.

11 U.S.C.A. § 541(a)(5)(B) (West 2009).

Pennsylvania a marital interest in property (i.e., a right to equitable distribution) vests immediately upon the initiation of a divorce action coupled with the request for equitable distribution of marital assets.  *See* In re Bennett, 175 B.R. 181, 185 & 186 nn.5 & 6 (Bankr.E.D.Pa. 1994) (citing In re Wilson, 85 B.R. 722, 726 (Bankr.E.D.Pa. 1988)); In re Polliard, 152 B.R. 51, 53 (Bankr.W.D.Pa. 1993). Such marital interest constitutes a property interest in marital assets.  *See* Bennett, 175 B.R. at 184; In re Scholl, 234 B.R. 636, 641 (Bankr.E.D.Pa. 1999). Therefore, if a debtor, prior to filing a bankruptcy petition, files for divorce in Pennsylvania and also requests equitable distribution, such debtor will, as of the date of such bankruptcy petition filing, possess a marital interest in property, which marital interest (a) itself constitutes a legal and/or equitable interest of the debtor in property as of the commencement of the case, regardless of when such debtor becomes divorced, *see* Bennett, 175 B.R. at 182 & 184; Scholl, 234 B.R. at 638 & 641, and (b) will thus constitute bankruptcy estate property regardless of when such debtor becomes divorced, *see* 11 U.S.C.A. § 541(a)(1).  The only way that the marital interest of a debtor who files for divorce in Pennsylvania will not become bankruptcy estate property is if such debtor refrains from filing for divorce and/or requesting equitable distribution until after such debtor first commences such debtor's bankruptcy case.  Unfortunately for the Debtor, she filed for divorce in Pennsylvania and requested equitable distribution nearly two years prior to the date upon which she commenced the instant bankruptcy case. Therefore, in accordance with the foregoing statement of the law, the Debtor possessed a marital interest in property – in particular, the Estranged Spouse's

6

Retirement Plan – when she filed for bankruptcy, which marital interest consequently constitutes property of her bankruptcy estate pursuant to § 541(a)(1).

Although the Debtor does not explicitly argue as much, the Court presumes that the Debtor would also contend that anything that she might ultimately derive from her marital interest in the Estranged Spouse's Retirement Plan via equitable distribution will not constitute bankruptcy estate property because (a) such equitable distribution has not yet occurred, (b) more than 180 days have elapsed since the commencement of the instant bankruptcy case, and (c) such distribution consequently could not constitute bankruptcy estate property pursuant to 11 U.S.C. § 541(a)(5)(B).  However, the Trustee argues, and the Court rules as well, that, consistent with a prior ruling of this Court in another bankruptcy case, anything that the Debtor might derive from her right to equitable distribution vis-a-vis the Estranged Spouse's Retirement Plan will (a) constitute proceeds or product of or from property of the Debtor's bankruptcy estate (such bankruptcy estate property being the Debtor's marital interest in the Estranged Spouse's Retirement Plan), and (b) thus also constitute bankruptcy estate property, pursuant to 11 U.S.C. § 541(a)(6),[4] regardless of whether it is distributed to the Debtor within 180 days after the date of the commencement of her bankruptcy case, *see* In re Willard (Bankr. No. 96-23703-MBM, Mot. No. 96-

---

[4]11 U.S.C. § 541(a)(6) provides, in pertinent part, that "[t]he commencement of a [bankruptcy] case ... creates an estate[, which] ... is comprised of[, among other things,] ... (6) [p]roceeds, product, offspring, rents, or profits of or from property of the estate."  11 U.S.C.A. § 541(a)(6) (West 2009).

3224M), Order dated Feb. 5, 1997, at p.2, ¶ 2; *see also* In re McAvoy, 2009 WL 1120029 at 6 (Bankr.D.Conn. 2009) (noting that if, under Connecticut law, the debtor therein, and thus her bankruptcy estate, possessed a marital interest in marital property prior to the granting of a divorce, then any marital property subsequently equitably distributed would constitute bankruptcy estate property pursuant to § 541(a)(6)). Such decision by the Court regarding § 541(a)(6) follows because (a) "[p]roperty not included in the [bankruptcy] estate pursuant to Bankruptcy Code § 541(a)(5) may be included in the estate pursuant to Section 541(a)(6) (provided that such section otherwise is applicable)," McAvoy, 2009 WL 1120029 at 6, and (b) "Congress intended ... [§ 541(a)(6)] to be quite broad, not limited to the definition of 'proceeds' set forth in the Uniform Commercial Code, 'but encompassing any conversion in the form of property of the estate, and anything of value generated by property of the estate,'" In re McLain, 516 F.3d 301, 312 (5th Cir. 2008) (citing In re Hanley, 305 B.R. 84, 86-87 (Bankr.M.D.Fla. 2003), which quotes legislative history at S.Rep. No. 95-989, at 82 (1978); H.R.Rep. No. 95-595, at 368 (1977), as reprinted in 1978 U.S.C.C.A.N. 5787).

## II. **Whether the Debtor may exempt her marital right to the Estranged Spouse's Retirement Plan, or anything that is derived therefrom, pursuant to 11 U.S.C. § 522(d)(12)?**

The Debtor contends that she may exempt her marital interest in the Estranged Spouse's Retirement Plan pursuant to 11 U.S.C. § 522(d)(12). It is clear to the Court that the Debtor also argues that she may exempt any amount that is equitably distributed to her from the Estranged Spouse's Retirement Plan

8

pursuant to § 522(d)(12).

However, because the Debtor's marital interest in the Estranged Spouse's Retirement Plan will only have value if the Debtor receives, via equitable distribution, a distribution of or from the Estranged Spouse's Retirement Plan, an exemption of such marital interest will only become relevant if such distribution ultimately occurs. As well, an exemption of anything that the Debtor might derive from such marital interest will only become relevant in the event that the Debtor actually derives something therefrom via equitable distribution. That being the case, the Court need not rule at this time as to the propriety of such exemption(s). Indeed, to rule on the exemption issue at this stage before the Debtor has received a distribution of or from the Estranged Spouse's Retirement Plan would frankly constitute, in the Court's view, little more than an advisory opinion, which type of opinion, of course, is one that cannot be issued by this or any other court. Therefore, the Court shall defer ruling on the Trustee's objection to the Debtor's exemption of her marital interest in the Estranged Spouse's Retirement Plan (as well as anything that might be derived therefrom), as well as the Trustee's other exemption objections, until a final decision regarding equitable distribution is rendered in the Debtor's presently-pending divorce action.

## **CONCLUSION**

For all of the foregoing reasons, the Debtor's marital interest in the Estranged Spouse's Retirement Plan (as well as anything that might be derived therefrom) constitutes property of the Debtor's bankruptcy estate. Furthermore,

the Court shall defer ruling on the Trustee's objection to the Debtor's exemptions until a final decision regarding equitable distribution is rendered in the Debtor's presently-pending divorce action.

**BY THE COURT**

** /s/**
**M. BRUCE McCULLOUGH,**
**U.S. Bankruptcy Judge**

**DATED:** **December 3, 2009**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : |
| **KIMBERLY A. RADINICK,** | : |
| Debtor. | : **Bankruptcy No. 08-26139-MBM** |
| | : |
| **Carlota M. Bohm, Trustee for the Bankruptcy Estate of Kimberly A. Radinick,** | : |
| Movant, | : **Chapter 7** |
| | : |
| v. | : |
| | : **Related to Doc. No. 32** |
| **Kimberly A. Radinick**, | : |
| Respondent. | : |

## ORDER OF COURT

**AND NOW,** this **3rd day** of **December, 2009**, for the reasons set forth in the accompanying Memorandum Opinion of the same date; and subsequent to notice and hearings on the matter that were held on June 9, 2009, and August 11, 2009, it is **hereby ORDERED, ADJUDGED, AND DECREED** that:

(a) the Debtor's marital interest in her estranged spouse's individual retirement account, as well as anything that might be derived therefrom, constitutes property of the Debtor's bankruptcy estate, and

(b) the Court shall defer ruling on the Trustee's objection to the Debtor's exemption of such marital interest, as well as the Trustee's other exemption objections, until a final decision regarding equitable distribution

is rendered in the Debtor's presently-pending divorce action.

**BY THE COURT**

**/s/**
**M. BRUCE McCULLOUGH,**
**U.S. Bankruptcy Judge**

copies to:

Carlota M. Bohm, Esq.
Three Gateway Center, 22nd Floor
401 Liberty Avenue
Pittsburgh, PA 15222

Mary Bower Sheats, Esq.
3300 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219